**LAMBERT TRANSFER & STORAGE CO.,
Inc., Appellant,**

v.

**BANNER TRANSFER CO. et al., Appellees.**

Court of Appeals of Kentucky.

May 16, 1958.

Rehearing Denied Sept. 19, 1958.

Robert M. Pearce, McChesney, McChesney, Kinker & Pearce, Frankfort, for appellant.

Stanley B. Mayer, Louisville, George L. Willis, III, Asst. Atty. Gen., for appellees.

CULLEN, Commissioner.

Lambert Transfer & Storage Co., Inc., applied to the Department of Motor Transportation for a certificate authorizing the operation of a local cartage business in Louisville. Over the protests of a number of competing carriers, the department granted the certificate. The competing carriers appealed to the circuit court, which entered judgment setting aside the order granting the certificate on the ground that Lambert's application had not been filed within the required time. Lambert has appealed from that judgment.

Prior to 1954, the motor carrier law did not require a certificate of convenience and necessity for the operation of a local cartage business. In 1954 the law was so amended as to require such certificates, and to authorize their issuance at any time upon proof of convenience and necessity. How-

ever, the 1954 Act also contained a "grand-father clause," KRS 281.665(4), which provided that any person engaged in the local cartage business as of December 31, 1953, would be entitled to a certificate covering his established operations, "upon application before January 1, 1956." Lambert's application was for a certificate under the "grandfather clause," and he did not offer any proof of convenience and necessity.

The problem arises from the fact that Lambert's application was not filed until July 19, 1956, some six months after the statutory deadline. The department took the view that the statute was merely directory as to time, and that the "grandfather clause" should be liberally construed to preserve the rights of those in operation in December 1953. The circuit court was of the opinion that the statute was mandatory as to time of application.

It appears to be the general rule in other jurisdictions that if a "grandfather clause" specifies a time limit for filing a claim to the privilege conferred, the failure to file the claim within the time specified will be fatal. 33 Am.Jur., 1957 Supp., Licenses, sec. 53, Supp. p. 46; Note, 4 A.L.R.2d 667 at page 690. The Interstate Commerce Commission has followed this view concerning the "grandfather clause" in the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq. See Butcher Contract Carrier Application, 1 M.C.C. 485. We think the circuit court correctly held that the statutory application date was mandatory.

Lambert had carried on local cartage operations both in Louisville and in Covington. The principal owner of Lambert also owned a common carrier truck line operating between Louisville and Covington. Prior to January 1, 1956, he had considered merging the two companies, and had asked the department whether, in case of a merger, he could carry on local cartage operations under his common carrier certificate, without obtaining local cartage certificates. He had received a series of conflicting opinions from officials of the de-

partment. He proceeded, in time, to apply for a cartage certificate for Covington, but did not pursue an application for such a certificate for Louisville. It is our opinion that the conflicting opinions from the department did not give rise to an estoppel nor create any equities in Lambert's favor. On the contrary, they should have given him warning that the safe thing to do was to make timely application for the local cartage certificate for Louisville (as he did for Covington).

The judgment is affirmed.